# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHNIE B. ERWIN, JR,          )
                                               )

                **Petitioner,**     )
                                               )

        **v.**                   )               **1:05CV00068**
                                             )

DON WOODS,                )
Superintendent, et al.,      )
                                             )

         **Respondents.**    )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Johnie B. Erwin, Jr, a prisoner of the State of North Carolina, on March 9, 1993, in the Superior Court of Guilford County, was convicted of robbery with a dangerous weapon. He was sentenced to 40 years in prison. On March 15, 1994, the North Carolina Court of Appeals found no error in Petitioner's conviction, but ordered that Petitioner be re-sentenced. On July 12, 1994, Petitioner Erwin was re-sentenced to 40 years imprisonment. On appellate review, the North Carolina Court of Appeals found no error in the re-sentencing.

Thereafter, Petitioner Erwin filed approximately thirteen motions in Superior Court between January 24 and June 19, 1995. One of these motions, apparently directed to the conviction here under consideration, he entitled a "petition to vacate sentence and order new trial." (Pleading No. 3, Answer, Ex. 5.) These motions were treated as a Motion for

Appropriate Relief ("MAR"), and were all denied on November 16, 1995. The North Carolina Court of Appeals denied certiorari on July 10, 1996.

More than six years later, on December 12, 2002, Petitioner filed a second *pro se* MAR. The motion was denied on December 16, 2002, and certiorari was denied by the North Carolina Court of Appeals on January 27, 2003. Petitioner Erwin dated his pro se federal habeas corpus petition to this court on December 29, 2004.

### Claims of the Petition

Petitioner Erwin contends that his conviction for robbery with a dangerous weapon was obtained by (1) denial of his right to effective assistance of counsel at trial; (2) failure of the prosecution to disclose evidence favorable to the defense; (3) denial of his right to effective assistance of counsel on appeal; and (4) violation of his rights to due process, equal protection, and meaningful access to the courts.

### Discussion

As a threshold defense, the State contends that Petitioner Erwin's habeas corpus petition is barred by the one-year statute of limitations applicable to habeas actions under 28 U.S.C. § 2244(d)(1). Petitioner was convicted on March 9, 1993, and his conviction and sentence became final on March 21, 1995, when the North Carolina Court of Appeals found no error in Petitioner's re-sentencing. Because Petitioner's conviction became final before the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, Petitioner was allowed until April 24, 1997 to file his habeas petition under AEDPA's

-2-

new statute of limitation. *See* 28 U.S.C. § 2244(d)(1); *Hernandez v. Caldwell*, 225 F.3d 435 (4th Cir. 2000) (prisoner whose case became final on direct review before enactment of AEDPA had up to April 24, 1997 to file federal habeas corpus petition under one-year period of limitation).

The record shows that Petitioner filed his first state-court MAR, which attacked a number of convictions including the case under review, in a series of filings between January 24 and June 19, 1995. The MAR was denied on November 16, 1995, and certiorari review was denied on July 10, 1996.[1] Under these procedures, the one-year habeas statute of limitations began to run on April 24, 1996 but was immediately tolled by the pendency of Petitioner's MAR until July 10, 1996. On that date, it began to run once more, and fully expired on July 10, 1997. Petitioner filed his second MAR on December 12, 2002. This MAR could not have served to toll the statute of limitations since the limitations period had long expired. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). When Petitioner finally filed his federal habeas petition on December 29, 2004, it was more than seven years out-of-time under § 2244(d)(1).

Petitioner Erwin asserts that the statute of limitations should not be enforced against him because he is a layman at the law, Prisoner Legal Services would not take his case, and

---

[1] Petitioner apparently maintains in his January 3, 2003 Petition for a Writ of Certiorari that his first MAR did not challenge the conviction here under consideration, although the state court so interpreted the MAR. If so, Petitioner would not be entitled to any tolling whatsoever under the one-year federal statute since, in this event, his "first" MAR regarding this conviction would have been filed on December 12, 2002, more than five years after expiration of the statute of limitations on April 24, 1997.

he had no other access to counsel. Nonetheless, these reasons are all legally insufficient to cause a tolling of the statute. *See, e.g., Mackell v. Angelone*, 131 F.3d 442 (4th Cir. 1977) (no right to counsel in post-conviction proceedings), *cert. denied*, 522 U.S. 1100 (1998); *Miller v. Marr*, 141 F.3d 976 (10th Cir. 1998) (petitioner not entitled to equitable tolling because prison library was inadequate or petitioner did not know about one-year limitation). Accordingly, Petitioner Erwin can show no exemption from the statute of limitations, and his present petition is wholly time-barred.

<u>Conclusion</u>

For reasons set forth above, **IT IS RECOMMENDED** that Respondents' motion to dismiss the petition herein as time-barred be granted, and that this action be dismissed with prejudice.

       /s/ P. Trevor Sharp       
United States Magistrate Judge

Date: June 24, 2005

-4-